IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Wilkinson, ) | Civil Action No. 6:15-1877-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of Tyger River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner James Wilkinson, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On April 8, 2016, the Magistrate Judge issued a Report, (ECF No. 23), recommending that Respondent's Motion for Summary Judgment, (ECF No. 18), be granted. Objections to the Report were due by April 25, 2016. Petitioner filed no Objections. The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Applying the above standards to the instant matter, the Court has carefully reviewed the record, applicable law, and the Magistrate Judge's Report, (ECF No. 23), and finding no clear error in the Report, the Court adopts and incorporates it by reference. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED**, (ECF No. 18), and the Petition is hereby **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© .  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>
United States District Judge

May 3, 2016
Columbia, South Carolina